167 Ill. App.3d 270 (1988)
521 N.E.2d 232
In re ESTATE OF MADGE H. KEENER, Deceased (Mary Gosney, Plaintiff-Appellant,
v.
Phillip Lynn Gosney, Ex'r of the Will of Madge H. Keener, Deceased, et al., Defendants-Appellees (Daphne Gosney Hedges et al., Defendants)).
Nos. 3-87-0280, 3-87-0319 cons.
Illinois Appellate Court  Third District.
Opinion filed March 17, 1988.
Churchill & Churchill, of Moline (Daniel Churchill and Channing L. Pratt, of counsel), for appellant.
Barash, Stoerzbach & Henson, of Galesburg (Burrell Barash, of counsel) for appellee.
Judgment affirmed.
*271 JUSTICE WOMBACHER delivered the opinion of the court:
Madge Keener died testate on March 27, 1985. She left two grandchildren, sons of her deceased daughter. Keener's last will, dated February 20, 1985, was admitted to probate. The only unrelated devisee was the Kirkwood United Methodist Church, which was to receive $500. Keener's grandson Jan Carroll Gosney was to receive $100,000 and the remainder of her estimated $1,500,000 estate was left to her grandson Phillip Lynn Gosney.
Mary Gosney, wife of Jan Carroll Gosney, filed a petition to contest the will. On April 20, 1987, the trial court dismissed the plaintiff's petition for the reason that the plaintiff was not an "interested person" as that term is used in the Probate Act of 1975 (Ill. Rev. Stat. 1985, ch. 110 1/2, par. 8-1(a)). Plaintiff appeals such dismissal.
Mary Gosney had been named as a beneficiary in a will which Keener executed in September 1983. However, Gosney was not a beneficiary of the instant will admitted to probate, nor was she a beneficiary of three intervening wills and a series of codicils executed subsequent to the September 1983 will and prior to the instant will of February 1985.
Initially we note that the instant appeal is one of right and the plaintiff's application for leave to appeal was not necessary in this case. Dismissal of an action on the ground that the plaintiff lacks standing operates as an adjudication upon the merits and is final and appealable. People ex rel. Howarth v. Gulf, Mobile & Ohio R.R. Co. (1970), 125 Ill. App.2d 473, 261 N.E.2d 221.
The sole issue upon review is whether Mary Gosney is an "interested person" under the law and has standing to contest the will.
Section 8-1 of the Probate Act (Ill. Rev. Stat. 1985, ch. 110 1/2, par. 8-1), states in pertinent part:
"Contest of admission of will to probate. (a) Within 6 months after the admission to probate of a domestic will in accordance with the provisions of Section 6-4, or of a foreign will in accordance with the provisions of Article VII, any interested person may file a petition in the proceeding for the administration of the testator's estate or, if no letters were issued, in the court in which the will was admitted to probate, to contest the validity of the will * * *." Ill. Rev. Stat. 1985, ch. 110 1/2, par. 8-1(a).
 1 The plaintiff, to be an interested person, needs to have a direct, pecuniary, existing interest which would be detrimentally affected by the probate of the proferred will. (See Kelley v. First State Bank (1980), 81 Ill. App.3d 402, 401 N.E.2d 247.) The term "interested *272 person" includes legatees of a prior will who stand to inherit if the contested will is set aside. In re Estate of Lipchick (1975), 27 Ill. App.3d 331, 326 N.E.2d 464.
In Kelley, discussed at length in the dissent to this opinion, there was allegedly another will executed on March 1, 1973, which revoked a December 31, 1965, will, under which the plaintiffs Kelley stood to inherit a substantial portion of decedent's estate, although they were not heirs at law. Defendants argued that the intervening 1973 will barred the Kelleys from being "interested parties," resulting in lack of standing to contest a 1974 will, trust agreement, and codicil. This court found the alleged 1973 will to be "non-existent," and therefore the Kelleys were "interested parties" as beneficiaries of the 1965 will, which, in effect, became the immediately preceding will.
 2 In the instant case the petitioner is not pecuniarily interested in the prior will of January 18, 1985, which immediately proceeded the instant will now in probate. As well, that prior will was proceeded by other testamentary instruments omitting the petitioner as a beneficiary and revoking the September 1983 will in which she was named as a beneficiary. All such testamentary instruments were in existence.
A will contest is purely statutory, having the purpose of determining whether the writing proffered is in fact the will of the testator-decedent. (Roeske v. First National Bank (1980), 90 Ill. App.3d 669, 413 N.E.2d 476.) The purpose of section 8-1 is to create stability in the administration of estates and to make administration of estates as orderly as possible because of the gravity of the interests at stake. Robinson v. First State Bank (1983), 97 Ill.2d 174, 454 N.E.2d 288.
To interpret the statute as conferring upon the petitioner the status of an "interested person" would also require the petitioner plead and prove facts attacking the validity of the four wills and several codicils drafted subsequent to the particular will naming her as a beneficiary. To interpret the statute in this manner would conflict with the orderly administration of estates and controvert the policy of the Probate Act. In interpreting statutes, consequences which are mischievous and absurd should be avoided, if possible. (People ex rel. Brenza v. Edwards (1952), 413 Ill. 514, 109 N.E.2d 754.) Statutes should be given a reasonable construction. Stiska v. City of Chicago (1950), 405 Ill. 374, 90 N.E.2d 742.
This court concludes that the petitioner is not an "interested person" as that term is contemplated in the Probate Act. By defining the instant statute in such a manner we give efficient operation and *273 effect to the Probate Act as a whole.
For the foregoing reasons the judgment of the circuit court of Warren County is affirmed.
Affirmed.
SCOTT, J., concurs.
JUSTICE HEIPLE, dissenting:
The decision of the majority is in conflict with an earlier decision of this court in Kelley v. First State Bank (1980), 81 Ill. App.3d 402, which reiterated a long-standing rule of this State. Moreover, it fails to comport with any reasonable standard of justice. Accordingly, I dissent.
In Kelley, the plaintiffs brought a will contest action to set aside a 1974 trust agreement, will, codicil, and certain gifts of the decedent. The plaintiffs stood to inherit a large portion of the decedent's estate under a 1965 will which would apparently be effective if the 1974 instruments were declared invalid and set aside. The defendants, who stood to inherit a large portion of the estate under the 1974 instruments, argued the plaintiffs had no standing to bring the action. They argued that there had been a March 1, 1973, will of the decedent which revoked all prior wills, including the 1965 will relied on by the plaintiffs. Since the 1965 will had been revoked, the defense argued, the plaintiffs had no right to contest the 1974 will and trust agreement. After noting that the March 1, 1973, will was nonexistent, this court disagreed, stating:
"It has been found, expressly, that devisees and legatees of a prior will of the decedent, even though not heirs at law, are `interested persons' within the meaning of [section 8-1]. [Citations.] There is no question that plaintiffs, as devisees and legatees under a prior will, have a direct, pecuniary, existing interest which would have been detrimentally affected by the probate of the 1974 will and trust. They are interested persons and were entitled to contest the 1974 documents." Kelley v. First State Bank (1980), 81 Ill. App.3d 402, 413.
The majority holds that to be an interested party within the meaning of paragraph 8-1, the petitioner had to have a direct, pecuniary, existing interest in the will "immediately preceding" the purported will sought to be probated. However, such is not the requirement of Kelley, which held that devisees and legatees of a prior will are interested persons within the meaning of section 8-1. "Prior" *274 has been defined as "[e]arlier; elder; preceding" (Black's Law Dictionary 1074 (5th ed. 1979), and "earlier, coming before another or others in time or order" (emphasis added) (Oxford American Dictionary 531 (1980)). Prior does to necessarily mean "immediately preceding." Thus, the rule stated in Kelley should be deemed to apply whether or not there are intervening wills between the will naming the plaintiff as a beneficiary and the will sought to be probated.
Additionally, by limiting the definition of an "interested person" only to those who were named in the will immediately preceding the one sought to be probated, the majority completely ignores the possibility that more than one will may be invalid. In so ruling, the majority's opinion delineates a scheme for those who seek to defraud probate courts and beneficiaries named in a will. That is, if one is going to design a fraudulent will for probate, he should be sure to create two such documents, both of which are dated subsequent to the true will, and neither of which name the beneficiaries sought to be defrauded.
In further support of its holding, the majority notes:
"To interpret the statute as conferring upon the petitioner the status of an `interested person' would also require the petitioner plead and prove facts attacking the validity of the four wills and several codicils drafted subsequent to the particular will naming her as a beneficiary. To interpret the statute in this manner would conflict with the orderly administration of estates and controvert the policy of the Probate Act." (167 Ill. App.3d at 272.)
That the petitioner may have burdensome and lengthy litigation ahead is really beside the point. It is certainly unjust if the "orderly administration of estates" should either operate to condone a fraud or to deny a legal remedy to interested persons who may have a genuine challenge to the will sought to be probated. Such is not, and has never been, the policy of the Probate Act.