In *re* ESTATE OF VERA MALCOLM, Deceased (James Bailey *et al.*, Plaintiffs-Appellants, v. John E. Dvorak, Ex'r of the Estate of Vera Malcolm, Deceased, *et al.*, Defendants-Appellees).

First District (6th Division) No. 1—91—1824

Opinion filed September 11, 1992.

Thomas Bucaro, of Chicago, for appellants.

Vincent J. Pascucci, of Pascucci & Associates, of Chicago, for appellees.

PRESIDING JUSTICE EGAN delivered the opinion of the court:

The plaintiffs, James Bailey, Daniel Bailey and Michael Bailey, appeal from an order dismissing their petition to contest a will. The sole issue is whether they had standing to contest the will.

Vera Malcolm died on November 26, 1989. In the two years before her death, she allegedly executed three separate wills. The plaintiffs are not heirs of the decedent but were legatees under all three wills.

Under the terms of the first will, dated April 7, 1988, Michael Bailey received a general legacy of $7,500; James and Daniel Bailey were named partial residuary beneficiaries; they were each to receive 30% of a residuary estate of approximately $675,000 and were bequeathed all the decedent's tangible personal property. Under the second will, dated October 25, 1988, each of the plaintiffs was bequeathed a general legacy of $10,000. Under the last will, dated June 8, 1989, the plaintiffs received the same bequests that they did under the will dated October 25, 1988. For the rest of this opinion we will identify each will as the first, second or last will rather than by date.

On February 7, 1990, the executor of the first will, Michael Kane, petitioned for the probate of the first will. On the same day, John Dvorak, the executor of the last will, cross-petitioned for the probate of the last will. The trial judge entered an order granting

Dvorak's petition, thus admitting the last will to probate, and denied Kane's petition to admit the first will.

On August 1, 1990, Showmen's League of America (Showmen's), a charitable organization, petitioned to contest the last will, alleging that the decedent was subjected to undue influence by the residuary legatees of the last will, neither of whom had been named a beneficiary under the previous two wills. Attached to the petition was a copy of the second will. Under the first will, Showmen's was a 20% residual legatee; under the second will it was a 50% residual legatee; and under the third will it was to receive $25,000.

On August 1, 1990, the plaintiffs also filed a petition to contest the last will, alleging that the decedent was under undue influence when she executed the will. In response, the executor and residuary legatees of the last will filed a motion to dismiss the plaintiffs' petition under section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615), alleging that the plaintiffs' complaint was insufficient in that it failed to show that the plaintiffs were interested persons under section 8—1 of the Illinois Probate Act (the Act) (Ill. Rev. Stat. 1989, ch. 110½, par. 8—1), which provides in part that "any interested person may file a petition *** to contest the validity of the will." The trial judge dismissed the petition but granted leave to file an amended petition.

The plaintiffs filed an amended petition on March 7, 1991, alleging that they were interested persons because they were beneficiaries under the first will. The executor and residuary legatees of the last will filed another motion to dismiss, again contending that the plaintiffs were not interested parties under section 8—1 of the Act.

The trial judge dismissed the plaintiffs' amended petition. He said that he did so reluctantly. He based his decision on the case of *In re Estate of Keener* (1988), 167 Ill. App. 3d 270, 521 N.E.2d 232, although he expressed doubts about the language and practical effects of *Keener*.

■ The sole question before us is whether the plaintiffs are "interested persons" under section 8—1. An "interested person" is defined in section 1—2.11 of the Act as "one who has or represents a financial interest, property right or fiduciary status at the time of reference which may be affected by the action, power or proceeding involved, including without limitation an heir, legatee, creditor, *** and the representative." Ill. Rev. Stat. 1989, ch. 110½, par. 1—2.11.

■ Illinois case law has established that legatees under a previous will are interested parties if they have "a direct, pecuniary,

existing interest which would have been detrimentally affected by the probate" of a subsequent will. (*Kelley v. First State Bank* (1980), 81 Ill. App. 3d 402, 413, 401 N.E.2d 247, 255.) It is generally recognized that any person who would receive the same or less from a previous will is not detrimentally affected by the last will and, therefore, lacks standing to contest the last will. (See Annot., 39 A.L.R.3d 321 (1971); 80 Am. Jur. 2d *Wills* §909 (1975).) The position of the executor of the last will is that the plaintiffs would not be detrimentally affected by the last will because they will receive the same amount, $10,000, under both the last will and the second will.

The plaintiffs' attorney has informed us that they anticipate contesting the second will. Both sides agree that the plaintiffs may not contest the second will before the last will is invalidated. The executor agrees that, in the absence of the second will, at least two of the plaintiffs, James Bailey and Daniel Bailey, would be interested persons because they would receive substantially less under the last will than they would under the first will. (Michael Bailey received more under the last will than he did under the first will.)

The case relied on by the executor in the trial court and in this court is *In re Estate of Keener* (1988), 167 Ill. App. 3d 270, 521 N.E.2d 232. In that case, a last will dated February 20, 1985, left $100,000 to one grandson and the remainder of her $1,500,000 estate to another. The wife of the grandson who received $100,000 filed a petition to contest the will. She had been named a beneficiary in a will executed in September 1983. She was not, however, a beneficiary in the will she was contesting or in three other wills and a series of codicils that the testatrix had executed between March 27, 1983, and February 20, 1985. The trial judge dismissed her petition to contest the will on the ground that she was not an interested person under section 8—1 of the Act.

A majority of the appellate court affirmed the dismissal order saying this:

> "To interpret the statute as conferring upon the petitioner the status of an 'interested person' would also require the petitioner plead and prove facts attacking the validity of the four wills and several codicils drafted subsequent to the particular will naming her as a beneficiary. To interpret the statute in this manner would conflict with the orderly administration of estates and controvert the policy of the Probate Act. In interpreting statutes, consequences which are mischievous and absurd should be avoided, if possible. [Citation.] Statutes

should be given a reasonable construction. [Citation.]" *Keener*, 167 Ill. App. 3d at 272.

The dissenting judge quoted this language of the majority and made this observation:

"That the petitioner may have burdensome and lengthy litigation ahead is really beside the point. It is certainly unjust if the 'orderly administration of estates' should either operate to condone a fraud or to deny a legal remedy to interested persons who may have a genuine challenge to the will sought to be probated. Such is not, and has never been, the policy of the Probate Act." 167 Ill. App. 3d at 274 (Heiple, J., dissenting).

Before making that observation the dissenting judge said this:

"Additionally, by limiting the definition of an 'interested person' only to those who were named in the will immediately preceding the one sought to be probated, the majority completely ignores the possibility that more than one will may be invalid. In so ruling, the majority's opinion delineates a scheme for those who seek to defraud probate courts and beneficiaries named in a will. That is, if one is going to design a fraudulent will for probate, he should be sure to create two such documents, both of which are dated subsequent to the true will, and neither of which name the beneficiaries sought to be defrauded." 167 Ill. App. 3d at 274 (Heiple, J., dissenting).

■ We cannot be certain that the majority in *Keener* would have reached the same conclusion if only one will intervened between the will in issue and the will upon which the petitioner based her claim. In any event, if the majority opinion can be distinguished from this case on its facts, we would do so without necessarily expressing agreement or disagreement with it. But if the majority opinion means that they would have arrived at the same conclusion on the facts before us, we respectfully decline to follow it. We believe the dissent expresses the more just and compelling public policy that fraud should never be insulated from the reach of the court because the court may have more work to do to detect and correct the fraud. We note parenthetically that the California Appellate Court upheld the right of heirs at law to object to a distribution order under a will despite the fact that the heirs might "be required to contest *seven* previous wills before they would be entitled to succeed to decedent's estate." (Emphasis added.) *In re Estate of Molera* (1972), 23 Cal. App. 3d 993, 999, 100 Cal. Rptr. 696, 700.

By these observations we do not mean to suggest that the record establishes that the beneficiaries of any of the wills involved or those who prepared them have been guilty of any wrongdoing. We hold simply that, under the particular facts of this case, the plaintiffs had a sufficient interest in the proceedings to be given the chance to show, if they can, undue influence.

■ Showmen's is already alleging undue influence and in the normal course of events there will be a trial. Consequently, we see no great hardship imposed on the estate or the court by permitting the plaintiffs to participate in any proceedings to adjudicate the issue of undue influence in the last will. As the trial judge noted, will contests are often settled. There would be nothing shameful or sinister about Showmen's settling with the estate for a share less than that given in the second will but greater than that given in the last will. A settlement in the absence of the plaintiffs, of course, would end the matter with an adjudication that the last will was valid, and the plaintiffs would never have their right to show that the second and third wills were obtained by undue influence. To us, that would be an unjust result.

We judge that James Bailey and Daniel Bailey were interested persons under section 8—1 of the Act. Michael Bailey concededly is not an interested person. For these reasons, that part of the judgment order dismissing the complaint as to Michael Bailey is affirmed. That part of the judgment order dismissing the complaint as to James Bailey and Daniel Bailey is reversed and the cause remanded for further proceedings consistent with the views expressed in this opinion.

Judgment affirmed in part and reversed in part and remanded.

McNAMARA and RAKOWSKI,* JJ., concur.

---

*Justice Rosemary LaPorta participated in oral argument before her death. Justice Thomas Rakowski was substituted on the panel. He has listened to the oral argument tape and has read the briefs.