Doane *v.* Freeman.

*Lowell, pro se.*

*Robinson,* for defendants.

---

CHARLES M. DOANE *versus* JAMES FREEMAN & *al., adm'rs.*

Under our present laws, if one die intestate, and, at the time of his death, the next of kin living are nephews and nieces, the children of a deceased nephew of the intestate take, by representation, the share of the intestate's estate, to which their parent would be entitled, if alive.

DEBT, for the amount due to plaintiff from defendants, as administrators on the estate of Lydia Buckley; the plaintiff claiming to be an heir of said Lydia, and entitled to a share of her estate, under a decree in Probate for the distribution of the same. The questions controverted are, plaintiff's claim

to be entitled as an heir; and, if an heir, the part of the estate to which he is entitled. By the STATEMENT OF FACTS agreed on, it appears that said Lydia Buckley died intestate, in 1853, leaving no issue, father or mother. She left no brothers or sisters living. ' There were living, at the time of her death, three children of one brother, and also grandchildren of said brother, whose parents were deceased. There were living a child of one sister, and also grandchildren of said sister, whose parents were deceased. There were also living one child of another sister, and a grandchild of said sister, whose parents were deceased. The plaintiff is a grandchild of a sister. The plaintiff's parents and grandparents were deceased at the time of intestate's death. Plaintiff was, therefore, a grand-nephew of the deceased.

If the Court should be of opinion that plaintiff is entitled, as an heir, its opinion is also desired whether the nieces and nephews take numerically, or by representation, and whether the grand-nephews and nieces, (if entitled at all,) take numerically, or by representation of their immediate ancestor. Damages to be assessed by the clerk, in accordance with the decision of the Court.

*J. A. Peters*, for plaintiff.

By the R. S. of 1841, c. 93, § 1, No. 3, the three living children of the brother of the intestate would be entitled to one-third of the estate, one-ninth each, and each sister's child, one-third each, of the whole estate. *Quinby* v. *Higgins*, 14 Maine, 309.

But this statute has been changed, by the Act of 1852, c. 295, § § 2 and 3, approved April 26, 1852, and this has been incorporated into the R. S. of 1857, c. 75, § 1, No. 3.

By this amendment, grand-nephews and nieces inherit. Before this Act, they did not. We claim that they inherit *numerically*, with nieces and nephews, because they are to inherit in the *" same manner."*

If not numerically, then it follows by representation. That is, the grandchildren of a brother of the intestate inherit

Doane *v.* Freeman.

their own immediate ancestor's portion together; *i. e.* the brother's one-third is to be divided into seven parts, one part to each child living, and one part to all the children of each deceased child.

*Wiswell* argued for defendants,

And cited c. 93 of R. S. § 1, and 14 Maine, 309, (same as referred to by plaintiff's counsel.) Also R. S. of 1857, c. 75, § 1, and c. 295 of the laws of 1852, and contended that the amended statute contemplates for the grand-nephews to take only in cases where the nephews are all deceased.

The opinion of the Court was drawn up by

HATHAWAY, J.— The brothers and sisters of Lydia Buckley, if living, at the time of her decease, would have inherited her estate, in equal portions, but they being dead, leaving issue, at the time of her decease, their children and the children of their deceased children, took the inheritance by *representation.* "Succession, *in stirpes,* according to the roots, since all the branches represent the same share, that their root, whom they represent, would have done. 2 Bl. Com. 217.

Lydia Buckley's brothers and sisters, who died, leaving lineal descendants, were the roots from which the inheritance branched, and it is merely matter of computation to ascertain the portion of each lineal descendant.

The plaintiff, being an orphan grandchild of Lydia's deceased sister, is entitled to a portion of the inheritance, which must be ascertained, as agreed by the parties.

*Defendants defaulted.*

TENNEY, C. J., APPLETON, CUTTING, and MAY, J. J., concurred.