JANE D. DAVIS, *Appellant, versus* JOHN A. STINSON & al.

The several rules in R. S., c. 75, § 1, relating to the descent of real estate, are distinct, and are each to be construed separately and with reference to the conditions therein respectively set forth.

If a person die, leaving no issue, father, mother, brother or sister, but does leave nephews, neices and grand neices, his real property will descend in accordance with the fifth rule, and the grand neice will have no claim.

This case distinguished from *Doan* v. *Freeman*, 45 Maine, 113.

APPEAL from a decree of the Judge of Probate of the county of Sagadahoc, distributing the personal estate of Huldah Greene, deceased, among the nephews and neices of the deceased, to the exclusion of a grand neice.

The reasons assigned for the appeal were as follows:—

1. Because by said decree the personal estate of said de-

ceased, who died intestate, is not ordered to be distributed to the persons who are her heirs, and who are entitled by law to receive the same, the said Jane being one of said heirs, and no part of said personal estate being ordered by said decree to be paid and distributed to her.

2. That said deceased left no child, nor any issue of any deceased child, nor any father, nor any mother; that said deceased had had four brothers and one sister, all of whom died before she died, leaving children and grandchildren, who are still living; that one of her said brothers was Gideon Stinson; that said Gideon died leaving only two children, viz., Mehitable, and Gideon, jr.; that said Gideon Stinson, jr., afterwards, before the death of said Huldah, died, leaving two children only, viz., Ellen M., and Jane D., aforesaid; and that said Jane D. is a grandchild of Gideon Stinson aforesaid, a brother of said Huldah, the deceased, and as such, by right of representation, was entitled to a distributive share of the personal estate of said deceased; but though she claimed her share thereof at the Probate Court held as aforesaid, no portion thereof was ordered to be paid to her, but the whole of said estate was ordered by said decree to be paid to other persons.

*Davis & Drummond*, for the appellant.

By R. S., 1841, c. 93, § 1, clause *third*, it is provided, that, if one dies intestate, seized of lands, &c., " if he shall leave no issue, nor father, his estate shall descend in equal shares to his brothers and sisters, and to the *children* of any deceased brother," &c.

By c. 295 of the Laws of 1852, the third clause of the section above quoted was amended by inserting the word "grandchildren," giving them the same right of the " parent, he being dead."

In the revision of 1857, c. 75, § 1, the original *third clause*, and the *amendment* are united, the phrase being " children or *grandchildren.*"

In both revisions (1841 and 1857,) the *third, fourth* and

*fifth* clauses relate to the same case, in which the intestate leaves no *issue*, nor *father*. The three clauses are to be considered and construed *together*. They are in one and the same *section* of the statute. In the Laws of 1821, c. 38, § 17, they were divided into separate clauses. Such a division cannot change their connection and relation.

Under the statute of 1841, in a case like the present, the *personal* estate being *distributed* to the same persons to whom *real* estate would descend, the appellant would not be entitled to any share. *Quinby* v. *Higgins,* 14 Maine, 309.

But the amendment of 1852 changed this, giving the *grandchild* of a deceased brother or sister, the *child* being dead, the same right that the *child* would have had if living.

And, in a case exactly like the one at bar, within the particular terms of the *fifth* clause, the Court applied to it the amendment of the *third* clause, construing them *together,* and giving the *grandchildren* of a deceased sister the same share collectively, " by representation," that their parent would have had if living. *Doane* v. *Freeman,* 45 Maine, 113.

*Tallman & Larrabee,* for the appellee.

APPLETON, C. J. — Huldah Green died leaving no issue, nor father, mother, brother or sister. At the time of her decease, her nearest of kin were nephews and neices, to whom the Judge of Probate decreed her estate should descend, from which decree the appellant, a grand niece, appeals.

By R. S., 1857, c. 75, § 1, rule 5, relating to the descent of real estate, — " If no such issue, father, mother, brother or sister, it descends *to his next of kin in equal degree,*" &c. By § 8, — " the personal estate of an intestate" with certain specified exceptions, " is to be distributed" " by the rules provided for the distribution of real estate" subject to the provisions which follow. The decree was in accordance with the fifth rule. A grand niece is not related to the deceased

*in equal degree*, with her nephews and nieces and, unless she is, she cannot claim under this rule.

The case of *Doane* v. *Freeman*, 45 Maine, 113, was decided under the statute of 1852, c. 295, which, except so far as it is embodied in the revision of 1857, has been repealed.

The several rules in c. 75, § 1, are distinct and are each to be construed separately and with reference to the conditions of each rule as therein set forth. The clause in rule 3, "to his or her children or grandchildren *by right of representation*," applies only to that rule. It will be apparent that these words are inapplicable to rules 4 and 5, by appending them thereto.

The decree of the Judge of Probate affirmed with costs.

KENT, WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.