PRESTON, *Adm'r, v.* COLE *& a., Ap'ts.*

When the distributees of the personal estate of an intestate stand in unequal degrees of relationship to the deceased, they take *per stirpes.*

PROBATE APPEAL, from a decree of distribution of the personal estate of Abby P. Brown, deceased, intestate. The heirs at law of the intestate are eleven nephews and nieces and one grandniece. They are the descendants of five brothers and sisters of the intestate, all deceased. One of the appellants is the only child of a brother of the deceased, and the other the only child of a sister. Three of the heirs are children of another sister, four of a brother, two of another brother, and one the child of the deceased daughter of the last named brother. The probate court decreed the estate to be distributed in equal shares among the twelve heirs. The reasons of appeal are, (1) because the estate was divided into twelve equal parts, and an equal share decreed to each of the nephews and nieces and to the grandniece; (2) because one fifth of the estate was not decreed to each of the appellants.

*Wm. A. Preston,* for the administrator.

*Burnham & Brown,* for the appellants.

SMITH, J.   The distributees of the personal estate of the intestate are eleven nephews and nieces, children of five deceased brothers and sisters of the intestate, and one grandniece, child of the deceased daughter of one of the deceased brothers. G. L., c. 203, *s.* 1; Laws 1883, *c.* 72. The single question is, whether the twelve claimants take *per capita* or *per stirpes,* and if *per stirpes,* whether the roots or principals are the five deceased brothers and sisters, or their twelve children.

When the claimants all stand related to the intestate in equal degree they take *per capita,* representation not being necessary to prevent the exclusion of those in a remoter degree; but when they

stand in unequal degrees, representation is necessary. *Nichols* v. *Shepard*, 63 N. H. 391. The brothers and sisters of the intestate all being dead, their representatives in equal degree, to wit, their children, become themselves principals, and stand next in degree to the intestate in their own right, and not by right of representation. 2 Blk. Com. 217, 218. They take by inheritance from the intestate, the remoter ancestor. They inherit nothing from the nearer ancestors, the brothers and sisters of the intestate, because the estate never became theirs. *Sedgwick* v. *Minot*, 6 Allen 171, 174. If the mother of the grandniece were living, she, with the eleven nephews and nieces who survived the intestate, being next in degree to the intestate, and all standing in equal degree, would take the estate *per capita*. So if there were no nearer kin than grandnephews and grandnieces, they being all related to the intestate in the same degree, the distribution would be *per capita*. But the mother of the grandniece having died before the intestate, her daughter takes as her representative. The estate, therefore, is distributed *per stirpes*, the eleven surviving nephews and nieces and the deceased niece being the roots or principals. The surviving nephews and nieces take each one twelfth part of the estate, and the grandniece, as the representative of her mother, takes the other twelfth. The result in this case is the same as if the estate were distributed *per capita*, but the stirpital mode of distribution is the correct mode, as would readily be seen if there had been more than one child of the deceased niece living at the time of the death of the intestate.

*Doane* v. *Freeman*, 45 Me. 113, was decided under *c.* 295, Laws Me. of 1852, which, except so far as it is embodied in the revision of 1857 (Rev. Sts. Me., *c.* 75, *s.* 1), has been repealed. *Davis* v. *Stinson*, 53 Me. 493. If the decision in that case is in conflict with the result we have reached in this case, we are unable to follow it.

*Appeal dismissed.*

ALLEN, J., did not sit : the others concurred.