Strafford County Probate Court
No. 83-492

*In re* ESTATE OF YVONNE MARTINEAU

March 18, 1985

*Tay & Tay,* of Lawrence, Massachusetts (*Mark H. Tay* on the brief and orally), for Apollinaire Martineau.

*Robert A. Solomon,* of Dover, and *Benjamin A. Stein,* of Norwood, Massachusetts (*Mr. Stein* and *Mr. Solomon* on the brief, and *Mr. Stein* orally), for Raymond Martineau & a.

SOUTER, J. This is an appeal from a decree of distribution entered by the Probate Court for Strafford County (*Cassavechia,* J.), providing, *inter alia,* that first cousins of the intestate decedent may share in her estate by right of representation. We affirm.

Yvonne Martineau died intestate on December 8, 1981, leaving no spouse, issue, parents, siblings, issue of siblings, or grandparents. On her father's side, her survivors were an uncle and first cousins who were the issue of seven predeceased aunts and uncles. On her mother's side she was survived by first cousins and first cousins once removed who were the issue of predeceased first cousins.

The administrator petitioned the probate court for a decree of distribution that would identify the interests of those entitled to share in the estate. Since the decedent's nearest survivors are collaterals who are issue of the decedent's grandparents, the court applied RSA 561:1, II(d) to determine the interests of beneficiaries. That statute provides in part that if there is no surviving issue, parent, issue of a parent, or grandparent "but the decedent is survived by . . . issue of grandparents, half of the estate passes . . . to the issue of the paternal grandparents . . . , the issue taking equally if they are all of the same degree of kinship to the decedent, but if of unequal degree those of more remote degree take by representation; and the other half passes to the maternal relatives in the same manner . . . ." Since in this case there are survivors in both the maternal and paternal lines, the court properly ordered that the estate be divided into halves, with one half going to the survivors in each line.

In deciding how the survivors on each side should share in their half of the estate, the court applied two statutory provisions. First, it applied the language quoted from RSA 561:1, II(d), providing that when the grandparents' issue are of unequal degree, those of more remote degree take by representation. On each side of the family in this case there are surviving issue of unequal degree. On the paternal side there is an uncle, in the third degree of kinship, and first cousins who have survived uncles or aunts, in the fourth degree. On the maternal side there are first cousins, in the fourth degree, and first cousins once removed who have survived first cousins, in the fifth degree. The court accordingly determined that some of the survivors should take by representation. To determine which survivors could so take, the court then applied a second statutory provision, RSA 561:3, that "[n]o representation shall be allowed among collaterals beyond the degree of brothers' and sisters' grandchildren."

There are, of course, no brothers' or sisters' grandchildren in the present case, since the decedent's nearest collaterals are related only through the decedent's grandparents. The court nonetheless found RSA 561:3 applicable to determine the extent of possible representation in this case. To reach this conclusion, the court did not read the statute as applying only to the specific instances of representation among siblings' children and grandchildren. The court assumed

that if the statute applied only to siblings' children and grandchildren it would simply have precluded representation "beyond brothers' and sisters' grandchildren."

The statute, however, forbade representation "beyond the degree of brothers' and sisters' grandchildren." The court therefore read the statute as using siblings' grandchildren as an example to illustrate a limitation on the right of any collateral relation to take by right of representation. Since siblings' grandchildren are in the fourth degree of kinship from a decedent, the court thus derived a general rule that in any collateral line the right to take by representation is limited to those of the fourth or nearer degree of kinship. In applying the rule to this estate, the court denied any share by right of representation to the decedent's first cousins once removed, since they are of the fifth degree.

The result was a decree that on the maternal side the first cousins who survived the decedent would share equally. No one on the maternal side excepted to the decree.

On the paternal side the court divided the estate into eight shares, for the one surviving uncle and the surviving first cousins who would take by representation in the stead of seven aunts and uncles who had predeceased the decedent. On the paternal side only the surviving uncle excepted to the decree, by bringing this appeal.

The appellant takes the position that the court below misconstrued both of the statutes that it applied. He claims that RSA 561:1, II(d) does not provide any right to anyone to take by representation. He claims that such a right flows only from RSA 561:3, which provides that right only to those who are children or grandchildren of predeceased brothers and sisters. On this theory, of course, the paternal first cousins would have no right to take by representation in the place of their predeceased parents, and the uncle would take the entire paternal half, or moiety, of the estate.

■ In assessing the merits of the uncle's position, the words of the statutes must be our first concern. To start with the language of RSA 561:1, II(d), we have already seen that it provides that if the surviving issue of the decedent's predeceased grandparents are "of unequal degree, those of more remote degree take by representation." It is difficult to think of any language that could provide more clearly that issue of a grandparent may take by right of representation. It is likewise difficult to think of any language that could be more clearly inconsistent with the appellant's position that the statute provides no such right of representation.

The force of this language is even stronger when we contrast it with the provisions of the earlier statute that it replaced. Under the

prior law, the cousins would have had no right of representation, and on the facts of this case the entire estate would have passed "to the next of kin in equal shares," Laws 1971, 179:26, enacting RSA 561:1, V (repealed by Laws 1973, 293:1), *i.e.*, to the sole surviving uncle. By the enactment of the present statute, then, the legislature expressly extended a right of representation to those in a collateral line who had not enjoyed that right before.

The appellant nonetheless argues that the express provisions of the statute do not mean what they say, and he tries to rest his argument on two facts of statutory history. The first such fact is the legislature's adoption of one section of the Uniform Probate Code but not another. The present RSA 561:1, II is a verbatim enactment of § 2-103 of the Uniform Probate Code (1969). *See* Laws 1973, 293:1; Laws 1974, 18:2. That is, the language providing on its face that collaterals related through a grandparent may take by representation came from the Code.

The legislature did not enact all of the Code, however. It failed to enact § 2-106, which expressly provides a formula for computing the share of one who takes by representation: the total share in question is divided by the number of "surviving heirs in the nearest degree of kinship and deceased persons in the same degree who left issue who survive the decedent, each surviving heir in the nearest degree receiving one share and the share of each deceased person in the same degree being divided among his issue in the same manner." UNIFORM PROBATE CODE § 2-106 (1969). The appellant argues that the failure to enact the Code's formula for computing shares by representation suggests that the legislature did not intend to provide for representation when it enacted Code § 2-103 as RSA 561:1, II.

The argument is unpersuasive. The formula contained in § 2-106 of the Code merely states what "representation" has traditionally been taken to mean. *See, e.g., Preston v. Cole,* 64 N.H. 459 (1887); L. HOYT, THE LAW OF ADMINISTRATION IN NEW HAMPSHIRE 57, 59 (1916). The enactment of § 2-106 was therefore unnecessary, for its provisions were already the law. The legislature's failure to enact it suggests no more than economy.

The appellant also cites a second fact of statutory history in arguing that RSA 561:1, II(d) does not provide the right of representation that it appears to provide. He notes that the Code has no provision corresponding to RSA 561:3, which limits representation to those within the degree of siblings' grandchildren. The language of this section derives from the English statute known as 22 and 23 Car. II, ch. 10 (1672). *Green v. Bancroft,* 75 N.H. 204, 205, 72 A. 373, 373 (1909). *See* 2 W. TREAT, PROBATE LAW, NEW HAMPSHIRE PRAC-

TICE 213 (1968); 2 Laws of New Hampshire 295, 297 (adopted 1718); 5 Laws of New Hampshire 384, 385 (adopted 1789); R.S. 166:3; Laws 1883, 72:1.

The appellant asks why the legislature left this old statute on the books when it enacted the Code's scheme of distribution in RSA 561:1. He purports to find the answer by asserting that the common law allowed for no representation and that RSA 561:3 was actually a limited source of rights to take by representation, despite the fact that it appears to be a restriction on that right. Having found it to be a source, the appellant argues that the section would have been rendered wholly superfluous if RSA 561:1, II(d) had also been intended to provide for representation. Hence, he concludes that the latter statute does not provide for representation. He completes the argument by asserting that RSA 561:3 provides representation only to those in the lines of predeceased siblings, thus excluding decedent's first cousins.

This argument rests on a false premise. RSA 561:3 was not the source of representation among collaterals prior to the enactment in 1973 of the relevant portion of the present RSA 561:1. For example, under the earlier version of the statute, RSA 561:1, IV provided that in the absence of parents or issue an intestate's estate passed to "brothers and sisters or their representatives." Laws 1971, 179:26 (repealed by Laws 1973, 293:1). Since the right to take by representation did not flow from RSA 561:3 before 1973, that section did not become redundant when the legislature enacted the present RSA 561:1, and the remainder of the argument falls with its premise.

■ We conclude that all of the appellant's arguments are unavailing, and we hold that the probate judge was correct in his decree that the first cousins were entitled to share in the paternal moiety by right of representation. This holding is dispositive of the case before us, since the appellant could demonstrate error prejudicial to him only if we were to rule that collaterals traced through predeceased grandparents could not take by representation.

We wish nonetheless to add a word about another issue that the parties have touched upon, for we think it appropriate to bring it to the attention of the legislature. As we have already noted, the appellant has argued that RSA 561:3 does not provide a general rule limiting all representation to those in the fourth or closer degrees of kinship. Rather, he has taken the position that the statute operates only to grant and to limit representation to children or grandchildren from among all possible issue of a decedent's siblings. One early case went against the appellant's position, having treated the statute as a general limitation. *Parker v. Nims*, 2 N.H. 460, 461 (1822). But

later cases have confined the statute's application narrowly to the class of siblings' children and grandchildren. *See, e.g., Green v. Bancroft,* 75 N.H. at 207, 72 A. at 374–75.

If the narrow view were to prevail today, there would be anomalous results, for representation would be limited by RSA 561:3 in the closer collateral line, but not by RSA 561:1, II(d) in the more distant. For example, a decedent's brother's great grandchild could not take by representation, but the decedent's first cousin once removed could, even though each is of the fifth degree. Such anomaly prompted counsel for appellees to argue that RSA 561:3 had been repealed by implication, upon the enactment of § 2-103 of the Code as RSA 561:1, II. Alternatively, counsel argued that the legislature had left RSA 561:3 on the books only by oversight.

We respectfully commend the legislature's attention to this issue. It may be settled best either by repeal of RSA 561:3 or by an amendment to clarify the scope of that section.

*Affirmed.*

All concurred.