OPINION OF THE COURT
Renee R. Roth, S.
Incident to this proceeding seeking an advance payment of a *538 distributive share, the court is required to construe the recent amendments to the statute governing descent and distribution, EPTL 4-1.1 (L 1992, ch 595, eff Sept. 1, 1992), with respect to the rights of inheritance of first cousins once removed.
Daniel Donohue died on December 29, 1992 leaving an estate of over $1,000,000. The proof establishes that he never married nor had children and that his parents predeceased him as did his only sibling, a brother who also left no issue. The proof also establishes that Mr. Donohue had two first cousins on his mother’s side and several first cousins once removed on his father’s side.
Because there are no closer relatives on decedent’s father’s side, the paternal first cousins once removed contend that they are entitled to one half of Mr. Donohue’s estate pursuant to EPTL 4-1.1 (a) (6), which provides that where decedent was survived by issue of grandparents, the property is to be distributed, by representation, one-half to the issue of the paternal grandparents and one-half to the issue of the maternal grandparents.
Such statute further provides that if decedent was not survived by grandparents or their issue on one side of the family, the whole estate is payable to the surviving grandparents) on the other side or, if neither of them survives, to their issue by representation. Thus, the question presented is whether the paternal first cousins (once removed) are issue of decedent’s grandparents, as that term is used in EPTL 4-1.1 (a) (6).
Issue is defined in EPTL 1-2.10 (a) (1) as "the descendants in any degree from a common ancestor”. It is clear that, as so defined, first cousins once removed are direct descendants of decedent’s grandparents (their great-grandchildren) and would be considered issue of decedent’s grandparents. But the statute in question, EPTL 4-1.1 (a) (6), also contains a definition of issue which reads as follows: "For the purposes of this subparagraph, issue of grandparents shall not include issue more remote than grandchildren of such grandparents”. The specific definition contained in EPTL 4-1.1 (a) (6) must prevail over the general definition in EPTL 1-2.10. Because they are great-grandchildren of decedent’s grandparents, the paternal first cousins once removed are not issue under the family tree before the court. Decedent’s estate shall be paid equally to the two maternal first cousins, inasmuch as EPTL 4-1.1 (a) (6) *539 provides that if decedent was not survived by grandparents or their issue on one side of the family, the whole estate is payable to the grandparents or their issue on the other side of the family.
It is observed that such result is somewhat anomalous to the extent that EPTL 4-1.1 was expressly amended (see, First Report of EPTL Advisory Committee [1991], at 3-6) to provide for equal distribution between the paternal and maternal sides of the family by representation where the distributees are issue of grandparents. To illustrate, if decedent had been survived by a paternal cousin, a maternal cousin and a maternal aunt, the paternal cousin would receive half of decedent’s estate while the two maternal relatives would have to share the other half.
The first cousins once removed would not have been any better off under the law in existence prior to September 1, 1992 which provided for distribution of the entire estate to the issue of grandparents in the nearest degree of kinship to the decedent without regard to whether these distributees were related on the maternal or paternal side of the family. The first cousins would have inherited all as they are one step nearer in relationship to the decedent than the first cousins once removed. If decedent had not been survived by any first cousins (grandchildren of his grandparents), then first cousins once removed (great-grandchildren of his grandparents) would be entitled to share in the estate under the present provision of EPTL 4-1.1 (a) (7), as well as under the prior law.
Finally, it is noted that our current statute differs from its predecessor in that under prior law second, third, or even fourth cousins once removed could inherit, if they were the closest relatives surviving while under present law there is no intestate distribution to relatives more remote than first cousins once removed.
Settle order providing that decedent’s estate is payable equally to decedent’s two maternal first cousins, Catherine Murphy and William Kent.