OPINION OF THE COURT
Albert J. Emanuelli, S.
In this accounting proceeding, maternal first cousins once *973 removed seek to inherit along with maternal first cousins, where the decedent was survived by no paternal distributees. In issue is EPTL 4-1.1 (a) (6), which states that distribution under the laws of intestacy shall be as follows: "(a) If a decedent is survived by * * * (6) One or more grandparents or the issue of grandparents (as hereinafter defined), and no spouse, issue, parent or issue of parents, one-half to the surviving paternal grandparent or grandparents, or if neither of them survives the decedent, to their issue by representation, and the other one-half to the surviving maternal grandparent or grandparents, or if neither of them survived the decedent, to their issue by representation; provided that if the decedent was not survived by a grandparent or grandparents on one side or by the issue of such grandparents, the whole to the surviving grandparent or grandparents on the other side, or if neither of them survives the decedent, to their issue, by representation, in the same manner as the one-half. For the purposes of this subparagraph, issue of grandparents shall not include issue more remote than grandchildren of such grandparents.” (Emphasis added.) The final sentence is critical in the analysis that follows.
The decedent’s family tree is not in dispute. An only child, the decedent was never married and had no children. Her parents died years ago. On the paternal side, the cupboard is practically bare. The decedent’s father had one sibling, a brother who died as a child before 1890. The decedent’s mother was one of six children, all deceased. Two children of these six survive (both first cousins). Nine children of predeceased first cousins (first cousins once removed) and four children of predeceased first cousins once removed (first cousins twice removed) also survive. Upon the settlement of the Public Administrator’s final account, the petitioner concluded that the estate was distributable to the two first cousins. Objections were submitted by three of the first cousins once removed, claiming they, along with the other first cousins once removed and the first cousins twice removed, are all entitled to share in the estate.
The laws of intestacy were drastically changed in 1992, with the introduction of distribution by representation, along with a new scheme to effect distribution between the paternal and maternal sides of the family when the decedent’s closest distributees are grandparents or "issue” of such grandparents. However, in order to impose a limit on the level of distribu *974 tion, the Legislature decided to cut off "issue” at the level of grandchildren of grandparents (first cousins) when the decedent was survived by no distributees closer than grandparents or their issue. First cousins once removed were not totally cut off, but they only take if the decedent was survived by no first cousins (see, EPTL 4-1.1 [a] [7]).
In spite of the clear language expressed in the last sentence of EPTL 4-1.1 (a) (6) — "For the purposes of this subparagraph, issue of grandparents shall not include issue more remote than grandchildren of such grandparents” — the attorney for the first cousins once removed argues that the intent of the Legislature was not to disinherit his clients, when there are only potential distributees on one side, paternal or maternal. His contention is that only when there are first cousins on one side, and no one closer than first cousins once removed on the other side that the latter are prohibited from taking.
In a novel and imaginative approach to create shares for his clients when none exists, the attorney for the first cousins once removed contends that the limiting language of the last sentence of EPTL 4-1.1 (a) (6) merely expresses the procedure to follow when determining whether to split the decedent’s estate into two shares, paternal and maternal ("Stage 1”). In other words, you look to see first whether there are first cousins on both sides. If there are, then you split the estate in two and distribute it by representation on both sides. If there are not, as here, then one takes all, to be distributed, again, by representation.
The attorney’s argument may be original but it lacks candor. He wants the court to define "issue” in a limited way (to suit his purposes) but not to define it as the Legislature clearly intended, q.v., "For the purposes of this subparagraph” (emphasis added). It is only logical to assume that the words "this subparagraph” mean "this [whole] subparagraph”. Applying the definition of "issue” at "Stage 2” (after "Stage 1” determined whether the estate was to be split between the paternal and maternal sides), we must stop at first cousins. The attorney is, in effect, arguing that the Legislature’s definition of "issue” should not be employed at "Stage 2” but only at "Stage 1”.
To support this contention, the court needs to look no further than the attorney’s urging that the estate should be divided, by representation, among not only first cousins and first cousins once removed, but also first cousins twice removed. In other words, he wants to have the maternal side distributed *975 strictly by representation (see, EPTL 1-2.16), disregarding the limitation of the last sentence of EPTL 4-1.1 (a) (6). This flies in the face of the plain language of the statute.
Further belying the attorney’s argument is the fact that the new laws of intestacy do not provide for first cousins twice removed to take in any circumstance. EPTL 4-1.1 (a) (7) contains the language for first cousins once removed to inherit, but the distribution is per capita, i.e., first cousins twice removed are cut off.
A word on intestate distribution and legislative intent needs to be voiced. As a practical matter, it is logical to assume that everything else being equal, a decedent will be closer, and more generous to heirs that he is familiar with than to those of whom he is unaware. When you reach the remoteness of first cousins once and twice removed, close feelings of family affection generally diminish. This is only natural. Recognizing this fact, the Legislature, in this court’s mind, decided to put into words what a decedent most likely harbors in his heart. It should also be noted that determining and finding remote heirs becomes a tedious and costly task, and placing limits on the levels of distribution is not only efficient but economical.
The only case cited by the attorney for the first cousins once removed is Matter of Donohue (163 Misc 2d 537). In that case Surrogate Roth determined that the decedent’s entire estate was distributable to two maternal first cousins, thereby excluding several first cousins once removed on the paternal side. In spite of what appears to be a ruling adverse to his position, the attorney applies the same convoluted logic that he uses in the "2-stage” example listed above. His reading of Donohue is rejected.
Finally, counsel argues legislative intent and cites the First Report of the EPTL Advisory Committee as support for his position. However, he has failed to submit the report or any similar authority to buttress his argument. His conclusory comments are insufficient to prove legislative intent.
In spite of a cogent (and intellectually stimulating) argument by the attorney for the first cousins once removed, the court finds that, pursuant to EPTL 4-1.1 (a) (6), the entire estate is distributable to the maternal first cousins. The guardian ad litem has filed his report and has not embraced the objectant’s position.
Attorney’s fees for the attorney employed by the Public Administrator are fixed and determined in the amount *976 requested for all legal services rendered and to be rendered inclusive of those through the settling of the final decree and distribution thereunder. Proper disbursements may be taxed as costs.