Merrimack County Probate Court
No. 2001-680

## IN RE ESTATE OF GERALDINE M. LOCKE

Argued: September 11, 2002
Opinion Issued: December 23, 2002

*Hall, Morse, Anderson, Miller & Spinella, P.C.*, of Concord (*G. Wells Anderson* on the brief and orally), for the appellants.

*Ouellette, Hallisey, Tanguay and Masse, P.A.*, of Dover (*Simone D. Masse* on the brief and orally), for the appellees.

BRODERICK, J. The appellants, Jean Barber and Marion Hayes, appeal the decision of the Merrimack County Probate Court (*O'Neill*, J.) determining the heirs of the estate of Geraldine M. Locke under RSA 561:1, II(d) (1997). We affirm.

The relevant facts are not in dispute. Geraldine M. Locke died intestate on September 23, 1999. At her death, Locke had no spouse, children or siblings; her parents and her maternal and paternal grandparents were deceased. Locke's nearest kin, the descendants of her maternal and paternal grandparents, were as follows. On her maternal grandparent side, Locke was survived by Barber and Hayes, both of whom are first cousins of the decedent (fourth degree of kinship to the decedent). On her paternal grandparent side, Locke was survived by the appellees, Ann Stackpole de Pasquale, Carl Stackpole, Frank Stackpole, and Raelene E. Davis Hale, all of whom are first cousins once removed of the decedent (fifth degree of kinship to the decedent). Subsequent to Locke's death, the administratrix of the estate filed a petition for determination of heirs. After a hearing, the probate court ruled that under RSA 561:1, II(d), the appellees were entitled to a distribution of one-half of Locke's estate, that they took equally as to the one-half share of the estate, and that RSA 561:3 (1997) did not preclude them from sharing in the estate as they did not take by representation. This appeal followed.

The appellants argue that RSA 561:1, II(d) and RSA 561:3 provide that first cousins (fourth degree) are entitled to the entire estate to the exclusion of first cousins once removed (fifth degree), because no representation is allowed to collaterals beyond the fourth degree. We will not disturb the probate court's decree unless it is unsupported by the evidence or plainly erroneous as a matter of law. *In re Antonio W.*, 147 N.H. 408, 412 (2002). The probate court's interpretation of a statute is a

question of law, which we review *de novo. Crowley v. Frazier*, 147 N.H. 387, 389 (2001).

This court is the final arbiter of the intent of the legislature as expressed in the words of a statute. *Appeal of Estate of Van Lunen*, 145 N.H. 82, 86 (2000). When construing a statute's meaning, we first examine its language, and where possible, we ascribe the plain and ordinary meanings to words used. *Id.* Furthermore, when examining statutory language, we construe all parts of a statute together to effectuate its overall purpose and to avoid an absurd or unjust result. *Id.*

RSA 561:1, II(d) reads:

> If there is no surviving issue, parent or issue of a parent but the decedent is survived by one or more grandparents or issue of grandparents, half of the estate passes to the paternal grandparents if both survive, or to the surviving paternal grandparent, or to the issue of the paternal grandparents if both are deceased, the issue taking equally if they are all of the same degree of kinship to the decedent, but if of unequal degree those of more remote degree take by representation; and the other half passes to the maternal relatives in the same manner; but if there be no surviving grandparent or issue of grandparent on either the paternal or the maternal side, the entire estate passes to the relatives on the other side in the same manner as the half.

RSA 561:3 reads:

> No representation shall be allowed among collaterals beyond the fourth degree of relationship to the decedent.

■ The statute clearly and unambiguously states that if the decedent has no surviving issue, parent or issue of a parent, but is survived by the issue of grandparents on both the paternal and maternal sides, half of the estate passes to the issue of the paternal grandparents if both paternal grandparents are deceased, while the remaining half of the estate passes to the issue of the maternal grandparents if both maternal grandparents are deceased. *See In re Estate of Martineau*, 126 N.H. 250, 251 (1985) ("Since in this case there are survivors in both the maternal and paternal lines, the court properly ordered that the estate be divided into halves, with one half going to the survivors in each line."); 11 C. DeGRANDPRE, NEW HAMPSHIRE PRACTICE, PROBATE LAW AND PROCEDURE § 53-9(d), at 77 (2001).

■ Here, after the estate is properly divided into halves, the statute unambiguously provides for the further independent distribution *of each*

*half.* Specifically, the issue of the paternal grandparents share equally in one-half of the estate if the issue are all of the same degree of kinship to the decedent. RSA 561:1, II(d). Only if the issue of the paternal grandparents are of unequal degree of kinship do those issue of more remote degree take by representation. *Id.* In addition, the statute provides for the other half of the estate to pass to the maternal relatives in the same manner, *i.e.,* the issue of the maternal grandparents share equally in one-half of the estate if the issue are all of the same degree of kinship to the decedent.

■ The appellants contend that a correct reading of the statute, in conjunction with the limitation of representation to the fourth degree of kinship in RSA 561:3, would have us compare the degree of kinship between the issue of the paternal and maternal grandparents and distribute the entire estate to whichever issue have the closer degree of kinship to the decedent. Here, such a reading would favor the issue of the maternal grandparents, as they are first cousins and not first cousins once removed. Such a reading, however, ignores the clear statutory mandate that under such circumstances as exist in this case, the estate is first divided into equal halves. The statute then provides direction for the distribution of each half in turn. We decline to ignore the statutory mandate.

In addition, distribution of the estate based upon a comparison of the degree of kinship between the issue of the paternal and maternal grandparents and the limitation of RSA 561:3 could often result in the entire estate being distributed to either the paternal or maternal side. Only if the degree of kinship on both the paternal and maternal sides is equal would an equal distribution be made. Such a reading, however, would render the final clause of RSA 561:1, II(d) (providing for the entire estate to pass to one side when there are no surviving issue of grandparents on the other side) superfluous in such cases. The legislature is presumed not to have used superfluous words. *See Binda v. Royal Ins. Co.,* 144 N.H. 613, 616 (2000).

The appellants further contend that by reading RSA 561:1, II(d) and RSA 561:3 together, the term "representation" is defined in a manner which prohibits the first cousins once removed from taking in this case. Specifically, the appellants contend that representation applies to the issue of the paternal and maternal grandparents as a single group, and that representation beyond the fourth degree of kinship to the decedent is prohibited. Consequently, the appellants argue that if the first cousins once removed were to share in the estate, it would be pursuant to

representation, but because representation is prohibited beyond the fourth degree of kinship, they cannot share. We disagree.

"Representation" is not defined in either RSA 561:1, II(d) or RSA 561:3. We need not define "representation" here, however, as it is not implicated in this case. While "representation" appears once in RSA 561:1, II(d), it is pertinent only with regard to each half of the estate. If the issue of the paternal grandparents are of unequal degree of kinship, then those issue of more remote degree take a share of the half estate by representation. The same holds true if the issue of the maternal grandparents are of unequal degree of kinship. In the instant case, however, the issue of the maternal grandparents are all of the same degree of kinship (fourth degree) and the issue of the paternal grandparents are all of the same degree of kinship (fifth degree). To say that representation applies to the difference in degree of kinship between the first cousins and the first cousins once removed ignores the clear statutory mandate to split the estate into equal halves and the clear statutory direction for the further independent distribution of each half.

■ With regard to the distribution of each half of the estate, the claimants are all related to Locke in equal degree. Both appellants are first cousins and they share equally in one-half of the estate. The four appellees are all first cousins once removed and they share equally in one-half of the estate. On each respective side, no individuals of either closer or more remote degree of kinship survive and, therefore, representation is not pertinent. As there are no other living issue with a closer degree of kinship to the maternal or paternal grandparents, respectively, both the first cousins and the first cousins once removed are themselves principals, and they "stand next in degree to [Locke] in their own right, and not by right of representation." *Preston v. Cole*, 64 N.H. 459, 460 (1887). Accordingly, "they take *per capita*, representation not being necessary to prevent the exclusion of those in a remoter degree." *Id.* at 459. In sum, the first cousins once removed take in their own right and their degree of kinship is not placed on a scale to be weighed against that of the first cousins.

The appellants also contend there is nothing in RSA 561:3 that restricts its limitation on representation to only one-half of an estate. Their argument fails to acknowledge, however, that RSA 561:1, II(d), and not RSA 561:3, provides a limitation on the applicability of representation, and that the former statute refers to representation only within the context of one-half of an estate.

The appellants rely heavily on legislative history to advance their argument that RSA 561:1, II(d) and RSA 561:3, when read together, define

"representation" in a manner which prohibits the first cousins once removed from taking in this case. While legislative history may be helpful in the interpretation of an ambiguous statute, it will not be consulted when the statutory language is plain. *Petition of Walker*, 138 N.H. 471, 474 (1994). "Given the plain language of the statute, we need not delve further in order to glean legislative intent." *Appeal of Boucher*, 148 N.H. 458, 461 (2002). The language of RSA 561:1, II(d), as it applies in this case, clearly and unambiguously provides for a division of the estate into two equal halves and for the further independent distribution of each half. If the legislature had intended that either the paternal or maternal side take the entire estate to the exclusion of the other, based upon a comparison of each side's degree of kinship and the limitation of representation in RSA 561:3, it could have declared so in the language of the statute. "It is not for us to put words into the statute . . . where the legislature has chosen not to do so, and it is for the legislature to adjust the statute if it so desires." *Id.*

Finally, the appellants cite to *Estate of Donahue*, 621 N.Y.S.2d 445 (Sur. Ct. 1994), in support of their position, contending that the New York statute at issue in that case "is substantially like our . . . RSA 561:1, II(d) and . . . RSA 561:3." We disagree. In *Donahue*, the decedent was survived solely by two first cousins on his maternal side and several first cousins once removed on his paternal side. *Id.* at 446. Mr. Donahue had never married nor had children, and his parents and only sibling (a brother who left no issue) predeceased him. *Id.* In construing the descent and distribution statute at issue, the New York court held that the estate was payable in equal shares to the decedent's two maternal first cousins and that the paternal first cousins once removed took nothing. *Id.* at 447. While the underlying facts are remarkably similar to those in the case before us, *Donahue* is easily distinguished and, therefore, not instructive here. The question presented in *Donahue* was whether the paternal first cousins once removed were the issue of the decedent's grandparents. *Id.* at 446. The controlling statute, however, contained a definition of "issue of grandparents" that specifically precluded first cousins once removed from taking any part of the estate. *Id.*; *see* N.Y. Est. Powers & Trusts Law § 4-1.1(a)(6) (McKinney 1998) ("For the purposes of this subparagraph, issue of grandparents shall not include issue more remote than grandchildren of such grandparents."). The appellants' contention fails to acknowledge that RSA 561:1, II(d) contains no such definition, nor does it contain such a limitation. Although the definition in the New York statute provides a parallel to the limitation of representation in RSA 561:3, we reiterate that RSA 561:3 and representation are not implicated in the case at hand.

Based on our *de novo* review of RSA 561:1, II(d), we hold that the probate court did not err in construing the statute.

*Affirmed.*

BROCK, C.J., and NADEAU, DALIANIS and DUGGAN, JJ., concurred.