Cheshire Probate Court,
No. 5131.

### PAUL C. ROGERS v. DOROTHY WHITNEY ESTATE.

Argued June 4, 1963.

Decided July 30, 1963.

*Goodnow, Arwe & Ayer* (*Mr. John R. Goodnow* orally), for Paul C. Rogers.

*Faulkner, Plaut, Hanna & Zimmerman* (*Mr. N. Michael Plaut* orally), for the Whitney Estate.

WHEELER, J. The parties stipulated as to the following facts:
"1. Paul C. Rogers is not an heir-at-law of Dorothy Whitney.
"2. On November 21, 1944, Dorothy Whitney entered into a trust agreement with The National Shawmut Bank of Boston under the terms of which Dorothy Whitney was the sole beneficiary during her lifetime and reserved to herself the right to amend or revoke the trust at any time during her lifetime. This original trust agreement made no provision for Paul C. Rogers.
"3. Previous to August 23, 1960, amendments to the trust were made by Dorothy Whitney on December 12, 1944, January 13, 1953, November 21, 1955 and February 12, 1958.
"4. By the amendment to the trust dated November 21, 1955,

Sections J and K of Article 2 made provision for Paul C. Rogers as follows:

"'Article 2. Upon the death of the Donor, to make the following payments from the principal of the Trust property, free and clear of all trusts hereunder, and without deduction for any Trustee's compensation, taxes or other costs and expenses of whatsoever nature, it being the intention and desire of the Donor that all proper charges in respect to said payments shall be made from the residue of the Trust property . . . .

"'*Paragraph J.* Ten Thousand Dollars ($10,000.00) to Paul C. Rogers of said Walpole, if he is then living.

"'*Paragraph K.* In the event that said Paul C. Rogers is not then living, the Trustee shall pay from the income of the Trust property fifty dollars ($50.00) a month to or for the benefit of his wife Alice Rogers until her death or until there is no child of hers then living and under the age of twenty-one (21) years, whichever first occurs, and shall thereupon pay Two Thousand Five Hundred Dollars ($2,500.00) to each of the following persons then living, namely, said Alice Rogers, and the daughters of said Paul and Alice Rogers, Ann Kathleen and Joan; provided, however, that the Trustee in its sole discretion instead of distributing said sum to said Alice Rogers may continue to hold the same as a separate fund and pay from the income or principal thereof to or for the benefit of said Alice Rogers such amounts, if any, as the Trustee from time to time deems advisable. Any property remaining in said separate fund at the death of said Alice Rogers shall be distributed in equal shares to said Ann, Kathleen and Joan Rogers, or the survivors or survivor thereof.'

"5. The amendment to the Trust dated February 12, 1958, did not affect the Sections of the Trust dealing with Paul C. Rogers.

"6. On August 23, 1960, a fifth amendment to the Trust was executed by Dorothy Whitney, this amendment to the Trust providing for Paul C. Rogers in Sections J and K of Article 2 in exactly the same language noted in Item 4 of this Agreement.

"7. On the same date, August 23, 1960, Dorothy Whitney executed her will which provides in Paragraph EIGHTH as to the residue of her estate as follows:

"'to the Trustee at the time of the distribution of my estate under a Trust Agreement dated November 21, 1944, as amended December 12, 1944, January 13, 1953, November 21, 1955, February 12, 1958 and as most recently amended by an instru-

ment executed immediately prior to the signing of this will, executed by me as Donor and by The National Shawmut Bank of Boston as Trustee, the said property to be added to and become a part of the trust property held by the said then Trustee under said Trust Agreement as now amended. No amendment or amendments to said Trust Agreement made by me after the execution of this will shall in any way affect the terms or provisions under which the Trust under said Trust Agreement is to hold the property received by such Trustee under the provisions of this will, but such Trustee shall hold such property subject to the original terms and provisions of said Trust Agreement as now amended, unaffected by any amendment or amendments made by me after the execution of this will.'

"8. On February 19, 1961, May 24, 1961 and July 25, 1961, the sixth, seventh and eighth amendments to the Trust were made by Dorothy Whitney, none of which affected the Sections of the Trust concerning Paul C. Rogers, and on each of these dates a codicil to her will of August 30, 1960 was executed by Dorothy Whitney.

"9. On October 8, 1962, Dorothy Whitney executed a ninth amendment to the Trust Agreement of November 21, 1944 which ninth amendment contains the following language:

" . . . by virtue of and pursuant to the powers contained in Article 11 of said instrument to hereby further amend the same by striking out Paragraphs J and K of Article 2 thereof as they now appear and substituting therefor the following:

"'*Paragraph J.* Ten Thousand Dollars ($10,000.00) to Ann Rogers of said Walpole, if she is then living.

"'*Paragraph K.* Two Thousand Five Hundred Dollars ($2,500.00) each to Kathleen Rogers, both of said Walpole, if they are respectively living.'

"10. On the same date, October 8, 1962, Dorothy Whitney executed a codicil to her will of August 23, 1960 under which Paragraph EIGHTH of her will dealing with the residue of her estate was amended to provide as follows:

"'to the Trustee at the time of the distribution of my estate under a Trust Agreement dated November 21, 1944, and executed by me as Donor and by the National Shawmut Bank of Boston as Trustee, the said property to be added to and become a part of the Trust property held by the said then Trustee under said Trust Agreement to be held subject to the original terms and provisions of said Trust Agreement as modified by any amendment

or amendments made by me and in effect at my death, whether made before or after the execution of this will.'

"11. The will of August 23, 1960 and the codicil of October 8, 1962 have been duly proved and allowed in common form by the Probate Court of Cheshire County.

"12. Paul C. Rogers was not named in the will of Dorothy Whitney executed under date of August 23, 1960, nor in the codicil executed under date of October 8, 1962, nor was he named in any of the codicils executed by Dorothy Whitney subsequent to her will of August 23, 1960.

"13. On each occasion when Dorothy Whitney executed an amendment to the Trust of November 21, 1944, she also executed a codicil to her then existing will. Copies of the codicils of February 14, 1961, May 24, 1961 and July 25, 1961 are attached hereto."

The applicable statute RSA 552:7 provides: "PROOF, SOLEMN FORM. Any party interested may have the probate of a will which has been proved without notice re-examined, and the will proved in solemn form before the court of probate at any time within one year of such probate, if no appeal from the probate has been prosecuted before the superior court."

Rogers is not an heir-at-law of Miss Whitney nor is he mentioned in her will executed August 23, 1960 or in the codicil executed October 8, 1962 nor in any of the other codicils executed subsequent to August 23, 1960. He contends however, that he is a "party interested" in the will of August 23, 1960 because of the provisions in his favor in the trust agreement as amended on August 23, 1960 and the specific reference in the will to that amendment.

The amendment to the trust agreement executed immediately prior to the signing of the will directed the payment of $10,000 to the plaintiff. The will directed that the residue of the estate be added to the trust property held under the trust agreement as then amended.

The will among other provisions provided that no amendments to the trust agreement made after the execution of the will would in any way affect the terms or provisions under which the trustees under said agreement are to hold the property, but such trustees shall hold the property ". . . subject to the original terms of said Trust Agreement *as now amended, unaffected by any amendment or amendments made by me after the execution of this will.*" (Emphasis supplied).

On October 8, 1962 the testatrix executed a 9th amendment to the trust agreement striking out Rogers as a beneficiary under the trust and on the same day executed a codicil providing that the residue of her estate be held by the trustees subject to the original terms of the trust as modified by any amendments "whether made before or after the execution of this will."

This case is not governed by *Green* v. *Foster*, 104 N. H. 287, which arose under RSA 567:1. Moreover in this case the plaintiff is a beneficiary under the trust agreement as amended on August 23, 1960, to which specific reference is made in the will of August 23, 1960.

If the codicil of October 8, 1962 is valid the provisions of paragraph Eighth of the original will are revoked and Rogers is eliminated as a trust beneficiary. On the other hand if the codicil is invalid, the provisions of the original will are not revoked and the provisions of the amendment to the trust agreement on October 8, 1962 are inoperative to change the trust agreement as amended on August 23, 1960. The provisions of RSA ch. 563-A (supp) which provide that amendments to inter vivos trusts made after the execution of the will do not invalidate the bequests or devise contained in the will, lend support to the contention that the amendment to the trust agreement of October 8, 1962 is inoperative.

We think the factual situation here raises questions of law sufficient to constitute the appellant a "party interested" within the meaning of RSA 552:7. *Morey* v. *Sohier*, 63 N. H. 507; *Reed* v. *Home National Bank of Brockton*, 297 Mass. 222, 224.

Our answer to the question transferred is "Yes."

*Remanded.*

All concurred.