In re ESTATE OF LEVI E. SCHLENKER, Deceased (Imogene Rodgers, Petitioner-Appellant, v. Troy Schlenker, Ex'r of the Estate of Levi E. Schlenker, Deceased, and Residuary Legatee of the Last Will and Testament of Levi E. Schlenker, *et al.*, Respondents-Appellees).

Fifth District    No. 5—02—0360

Opinion filed May 2, 2003.

Patrick M. McCann, of McCann & Associates, of Murphysboro, for appellant.

Richard Kruger, of Kruger, Henry & Hunter, of Metropolis, for appellees.

JUSTICE MAAG delivered the opinion of the court:

Imogene Rodgers filed a petition challenging the will of Levi E. Schlenker in the circuit court of Union County, Illinois. The executor filed a motion to dismiss the petition, claiming that Imogene was not an "interested person" and lacked standing to contest the will. The circuit court granted the motion and Imogene appealed.

Levi E. Schlenker (the testator) died on July 16, 2001. He was survived by two adult children, Troy Schlenker and Imogene Rodgers, and two grandchildren of a deceased son. The testator allegedly executed four wills within the decade prior to his death. The wills are dated as follows: February 14, 1990, December 9, 1993, September 16, 1998, and January 4, 2001.

On August 22, 2001, the circuit court entered an order admitting the 2001 will to probate. Troy Schlenker was appointed to serve as the executor of the estate of Levi E. Schlenker, deceased. Imogene Rodgers filed a petition challenging the 2001 will on the grounds that the

testator had been impaired by a variety of physical and mental conditions, including chronic illnesses, and had lacked the mental capacity to make decisions regarding the disposition of his estate and property. The executor filed a motion to dismiss pursuant to section 2—619(a) of the Code of Civil Procedure (735 ILCS 5/2—619(a) (West 2000)) alleging that Imogene lacked standing to challenge the will. In support of the motion, the executor argued that the testator had executed three wills prior to the 2001 will; that Imogene was not a legatee under any of the prior wills; that even if she successfully challenges the 2001 will, she would not stand to benefit under any of the prior wills, which she has not challenged; and that therefore she is not an interested person with standing to contest the 2001 will. Imogene countered that she, as a disinherited heir at law, has standing to challenge the 2001 will; that the 2001 will is the only will that has been admitted to probate; and that challenges to the validity of prior wills cannot be undertaken until the 2001 will is declared invalid.

■ In order to have standing to contest a will, the petitioner must have an existing, direct, pecuniary interest that would be detrimentally affected by the probate of the proffered will. See 755 ILCS 5/1—2.11 (West 1992); *Kelley v. First State Bank of Princeton*, 81 Ill. App. 3d 402, 413, 401 N.E.2d 247, 255 (1980). Stated differently, the petitioner must be one who is affected detrimentally by being deprived of a right he or she would have otherwise had in the absence of the will. *Selden v. Illinois Trust & Savings Bank*, 239 Ill. 67, 79, 87 N.E. 860, 864 (1909). One who has an interest under a prior will may maintain a suit to contest a later will that reduced his or her interest. *Adams v. First Methodist Episcopal Church*, 251 Ill. 268, 270-71, 96 N.E. 253, 254 (1911); *Wilson v. Bell*, 315 Ill. App. 418, 43 N.E.2d 162 (1942). Similarly, a disinherited heir at law stands to inherit a portion of a decedent's estate if it should be determined that the estate is to be distributed under the laws of intestacy, and a disinherited heir at law has an existing interest that would be detrimentally affected by the probate of a decedent's will. See *In re Estate of Lipchik*, 27 Ill. App. 3d 331, 335-36, 326 N.E.2d 464, 468 (1975).

■ In instances where a testator did not dispose of all of his property through the terms of his will or where his will is declared invalid, the property passes to his heirs at law under the laws of intestacy, even if he had stated his intention to disinherit one or more of those heirs as one of the terms of his will. It has long been held that heirs cannot be disinherited merely by a declaration that they shall not have anything. *In re Estate of Cancik*, 106 Ill. 2d 11, 18, 476 N.E.2d 738, 741 (1985). "No matter how strong the intention of the testator may be to disinherit an heir, the intention cannot be given any effect

as to intestate property, and the only method of disinheriting him is to give the property to some one [*sic*] else." *Tea v. Millen*, 257 Ill. 624, 628-29, 101 N.E. 209, 211 (1913).

■ In this case, Imogene, the daughter of the testator and an heir at law, is a disinherited heir under the 2001 will. She would take directly if it should be determined that the estate is to be distributed as an intestate estate. We recognize that the estate may submit one or more of the prior wills for probate should the 2001 will be declared invalid. Imogene has indicated that she intends to challenge each in turn. We do not find that her interest is remote or otherwise nonexistent merely because she may be required to contest the 2001 will and three prior wills before she is entitled to succeed to the testator's estate. In terms of the right to take by intestacy, each time a disinherited heir successfully challenges the validity of a will, that heir is thereby benefited. Until all will contests are decided, it cannot be said that Imogene is not an interested party. See *In re Estate of Lipchik*, 27 Ill. App. 3d at 335-36, 326 N.E.2d at 468 (the disinherited heir at law was a person interested in the estate and had standing to participate in a proceeding to set aside the decedent's will); *In re Estate of Malcolm*, 234 Ill. App. 3d 962, 602 N.E.2d 41 (1992) (the legatees under all three wills were found to be "interested persons" and to have standing to contest the third (most recently dated) will even though they would have received the same amount under the second will, where the legatees anticipated a contest of the second will once the third will was invalidated and where they would have received substantially less under the third will than under the first will).

Eventually, Imogene may have to prove that a number of wills are invalid. However, in this case, based on the state of the pleadings, she need only show that the 2001 will is invalid. Should she succeed, the laws of intestacy will apply unless and until the estate submits one or more of the prior wills for probate. While judicial economy may be best served if the 2001 will and all prior wills are considered successively in a single action, we do not intend to direct litigation decisions for the parties.

We note that the estate cited *In re Estate of Keener*, 167 Ill. App. 3d 270, 521 N.E.2d 232 (1988), in support of its position. That case involves a collateral heir and presents a factual situation that is not analogous to the present case.

In this case, the trial court erred in finding that Imogene did not have standing to contest the will in this probate action. Accordingly,

765

the judgment is reversed and the cause remanded for further proceedings.

Reversed; cause remanded.

HOPKINS, P.J., and GOLDENHERSH, J., concur.