Department of Safety Bureau of Hearings
No. 2009-119

PETITION OF JAMES M. MOONEY
(New Hampshire Department of Safety Bureau of Hearings)

Submitted: April 22, 2010
Opinion Issued: August 19, 2010

James M. Mooney, *pro se*, by brief.

*Michael A. Delaney*, attorney general (*Rosemary Wiant*, assistant attorney general, on the brief), for the respondent.

DUGGAN, J. The petitioner, James M. Mooney, appeals the determination by the respondent, the New Hampshire Department of Safety, that he must complete further treatment in an Impaired Driver Intervention Program (IDIP) before his driver's license can be restored. We affirm.

The following facts appear in the record. In 1994, Mooney was arrested for, but not convicted of, driving while intoxicated. In 2004, Mooney was convicted of driving while intoxicated. As a result, the division of motor vehicles suspended his license and Mooney attended an IDIP. At its conclusion, Daniel Burnford, a licensed alcohol and drug counselor, evaluated Mooney in an exit interview. *See* N.H. ADMIN. RULES, He-A 707.12. Burnford recommended that Mooney complete additional treatment because he met "the criteria for a positive diagnosis for alcohol dependency or abuse." Burnford based his recommendation upon Mooney's 1994 arrest and 2004 conviction for driving while intoxicated, and his answers to the Prevention Research Institute's risk assessment, which indicated that he had the highest risk of re-offending. Based upon this recommendation, the division of motor vehicles notified Mooney that his license remained suspended. Mooney successfully sought a hearing before the department of safety to contest the finding that further treatment was necessary. *See* RSA 265-A:18, VII(c) (Supp. 2009); N.H. ADMIN. RULES, He-A 707.12(g)(2), 707.16.

At the hearing, Mooney argued that the IDIP could not "use an arrest which did not result in a conviction for purposes of imposing a penalty or punishment." He contended that "[t]he administrative rule the program is using to [require him to complete additional treatment] is unconstitutional,

arbitrary and capricious and . . . violates his constitutional rights" because the rule has no statutory authority permitting "penalties to be imposed for an arrest not resulting in a conviction." Mooney argued that only a sentencing court may impose further treatment and counseling.

The hearings examiner affirmed the decision of the division of motor vehicles, concluding that "the administrative rule is valid," and that RSA 265-A:42, II permitted the IDIP to require Mooney to complete additional treatment. The hearings examiner determined that Burnford properly used the 1994 arrest in determining that Mooney needed additional treatment, and that such treatment "is not a penalty." The report included the following language:

> **Appeal rights (RSA 263:76):** Any person aggrieved by the decision of the Director of the Division of Motor Vehicles, may appeal to the superior court in the county wherein he/she resides within 30 days from the date of this order. Pursuant to Saf-C 203.26, this appeal does not postpone or delay the suspension resulting from the action by the Director of the Division of Motor Vehicles.

Mooney moved for a rehearing before the department of safety. The department of safety responded in a letter dated January 15, 2009, which stated, in relevant part:

> [T]he appeal process is correctly stated in [the hearings examiner's] report in this matter. There is no provision in the applicable rules or statutes for a motion for rehearing. Accordingly, no action is taken with respect to your motion, and [the hearings examiner's] decision remains in full force and effect.

Subsequently, Mooney filed this petition for a writ of certiorari.

The State argues that we should dismiss Mooney's appeal without considering its merits because he failed to appeal the hearings examiner's decision to the superior court pursuant to RSA 263:76 (2004). Mooney contends that his petition is properly before us pursuant to RSA chapter 541. RSA 21-P:13 (2000) establishes a bureau of hearings within the department of safety, and RSA chapter 541 governs appeals from such hearings "[u]nless otherwise provided by law."

To determine which statutory provisions apply to Mooney's petition, we must construe RSA 263:76 and RSA 21-P:13. In matters of statutory interpretation, we are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole. *Appeal of Pennichuck Water Works*, 160 N.H. 18, 27 (2010). We interpret statutes not in isolation, but in the context of the overall statutory scheme. *Id.* Our

analysis must start with consideration of the plain meaning of the relevant statutes, construing them, where reasonably possible, to effectuate their underlying policies. *Id.* Insofar as reasonably possible, we will construe the various statutory provisions harmoniously. *Id.* Courts can neither ignore the plain language of the legislation nor add words which the lawmakers did not see fit to include. *Appeal of Astro Spectacular,* 138 N.H. 298, 300 (1994).

RSA 263:76 provides that "[a]ny person whose license has been suspended or revoked . . . may petition, within 30 days thereafter, the superior court in the county where such person resides." Upon review, the superior court determines "whether the decision of the [director of the division of motor vehicles] is unreasonable or unlawful," and "[a]ll findings of the director upon all questions of fact properly before him shall be deemed prima facie lawful and reasonable." The court may only set aside the decision of the director of the division of motor vehicles: (1) because of errors of law; or (2) if "the court is satisfied, by a clear preponderance of the evidence before it, that such order is unjust or unreasonable." RSA 263:76.

■ The plain words of RSA 263:76 indicate that it governs appeals stemming from decisions made by the division of motor vehicles to suspend or revoke a license. However, Mooney's central claim is that it was improper for Burnford to rely upon his 1994 arrest to determine that he required further treatment, and improper for the department of safety to uphold Burnford's determination. *See* RSA 265-A:18, VII(c) (providing for hearing before commissioner of department of safety or his designee, not before director of division of motor vehicles). As demonstrated by his motion for rehearing and by his petition to this court, he challenges the decision of the hearings examiner upholding Burnford's recommendation that he requires further treatment, not any decision of the director to suspend his license. Accordingly, Mooney could not appeal this decision to the superior court pursuant to RSA 263:76.

Because there is no other law providing for an appeal from the hearings examiner's decision, Mooney's appeal is properly before us pursuant to RSA 21-P:13 and RSA chapter 541. *See* RSA 21-P:13 (providing that "[u]nless otherwise provided by law, all rehearings and appeals shall be held in accordance with RSA 541"). RSA 541:3 provides that "[w]ithin 30 days after any order or decision . . . any party to the action or proceeding . . . may apply for a rehearing in respect to any matter determined in the action or proceeding, or covered or included in the order." Next, "[u]pon the filing of such motion for rehearing," the hearings examiner must "grant or deny the [motion], or suspend the order or decision complained of pending further consideration." RSA 541:5. "Within thirty days after the application for a rehearing is denied, or, if the application is granted, then

within thirty days after the decision on such rehearing, the applicant may appeal by petition to the supreme court." RSA 541:6. Thus, while Mooney styles his petition as a petition for writ of certiorari, we will treat it as an appeal pursuant to RSA 541:6. We turn to the merits of his petition.

Findings of fact made by a hearings examiner are *prima facie* lawful and reasonable. *Appeal of Jean-Guy's Used Cars & Parts,* 159 N.H. 38, 39 (2009). We will not set aside the hearings examiner's decision except for errors of law, unless the court is satisfied, by a clear preponderance of the evidence before it, that such order is unjust or unreasonable. *Id.;* RSA 541:13 (2007). The appealing party must prove that the decision was clearly unreasonable or unlawful. *Appeal of Jean-Guy's Used Cars & Parts,* 159 N.H. at 39; *see* RSA 541:13.

Although Mooney makes several arguments, the crux of his petition is a challenge to Rule 707.12(c)(3), which requires the counselor "conducting the exit evaluation and assessment interview [to] issue a positive finding, thus" requiring the client to complete further treatment, "if . . . [t]he client has 2 or more alcohol or drug-related motor vehicle arrests or convictions." N.H. ADMIN. RULES, He-A 707.12(c)(3). The counselor may also, "after conferring with the program director," decline to impose further counseling where the client has two or more alcohol motor vehicle arrests or convictions "but in the judgment of both the [counselor] and the program director a positive finding is clinically contraindicated." N.H. ADMIN. RULES, He-A 707.12(d). Mooney argues that Rule 707.12(c)(3) imposes a penalty for an arrest, and that the penalty is not specifically authorized by statute. Mooney also argues that the rule unlawfully modifies statutory law.

The State argues that alcohol or drug-related motor vehicle arrests may be used to consider whether further treatment is required, consistent with the purpose of RSA chapter 265-A, which is to protect the public and treat alcohol problems. The State contends that Rule 707.12 is valid because it furthers these purposes and does no more than fill in statutory gaps.

■ Although " '[r]ules adopted by State . . . agencies may not add to, detract from, or in any way modify statutory law,' " the legislature may delegate the authority to administrative agencies to " 'fill in details to effectuate the purpose of the statute.' " *Portsmouth Country Club v. Town of Greenland,* 152 N.H. 617, 621 (2005) (quoting *Opinion of the Justices,* 121 N.H. 552, 557 (1981)). "[T]he legislature must declare a general policy and prescribe standards for administrative action." *Opinion of the Justices,* 121 N.H. at 557. Agency regulations that contradict the terms of a governing statute exceed the agency's authority. *Appeal of Gallant,* 125 N.H. 832, 834 (1984). Rules and regulations promulgated by administrative agencies

pursuant to a valid delegation of authority have the force and effect of law. *State v. Elementis Chem.*, 152 N.H. 794, 803 (2005).

■ The legislature delegated authority to the New Hampshire Department of Health and Human Services to promulgate rules governing the IDIP. *See* RSA 265-A:39, IV(a), (e) (requiring commissioner of department of health and human services to adopt rules regarding "[p]rocedures and forms to be followed in order for drivers who have completed [the IDIP] to regain their licenses or driving privileges" and "[a]ny other matter related to the proper administration of this section and the protection of the public"). We have recognized that the legislature "has specifically granted the IDIP the authority to determine whether . . . an individual is in need of further counseling." *State v. Parmenter*, 149 N.H. 40, 46 (2002) (construing predecessor to RSA chapter 265-A).

■ We have stated "that the purpose of the DWI statutes is to prevent the operation of cars by persons under the influence of intoxicating liquor." *State v. Goding*, 126 N.H. 50, 52 (1985) (quotation omitted) (construing predecessor to RSA chapter 265-A). The "declared policy of the legislature" is that "intoxicated drivers are a severe threat to the health and safety of the citizens of New Hampshire and visitors from out-of-state who use our highways." *Id.* (quotation omitted). Rule 707.12(c)(3) effectuates this purpose. As noted above, Rule 707.12(c)(3) requires the counselor "conducting the exit evaluation and assessment interview [to] issue a positive finding, thus overcoming the presumption of successful completion" if "[t]he client has 2 or more alcohol or drug-related motor vehicle arrests or convictions." We cannot conclude that Rule 707.12 "add[s] to, detract[s] from, or in any way modif[ies] statutory law." *Portsmouth Country Club*, 152 N.H. at 621 (quotation omitted). Rather, this rule "fill[s] in [the] details to effectuate the purpose of the statute," which is to protect the public. *Id.*; *see Goding*, 126 N.H. at 52. Accordingly, we hold that Rule 707.12(c)(3) was promulgated pursuant to a valid delegation of authority and therefore has the force and effect of a law. *See Portsmouth Country Club*, 152 N.H. at 621.

■ Rule 707.12(c)(3) is also consistent with RSA 265-A:18, I(a)(3) (amended 2010), which requires Mooney "to furnish proof of successful completion of an [IDIP] prior to the restoration of the . . . driver's license or privilege to drive." *See also* RSA 265-A:42, I ("The director of the Division of Motor Vehicles shall not restore the license or driving privilege of any person whose license or privilege has been revoked or suspended pursuant to RSA 265-A:2, I . . . until such person has furnished proof of successful completion of an [IDIP]."); RSA 265:82-b, I(a)(3) (2004) (repealed). RSA 265-A:18, VII(c) defines "[s]uccessful completion" of [an]

[IDIP] as "meeting further counseling requirements, if any, arising out of the final evaluation given to the offender at the [IDIP]." *See also Parmenter*, 149 N.H. at 46 ("If, at the completion of the IDIP, it is recommended that the individual receive additional counseling, the person must complete the counseling in order to have his or her license restored.") (construing predecessor to RSA chapter 265-A).

We have carefully considered Mooney's remaining arguments and conclude that they are without merit and do not warrant further discussion. *Vogel v. Vogel*, 137 N.H. 321, 322 (1993).

*Affirmed.*

BRODERICK, C.J., and DALIANIS, HICKS and CONBOY, JJ., concurred.