# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0166, <u>In re Estate of Anthony Mesiti</u>, the court on January 31, 2019, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case.  In this interlocutory appeal, Susan Mesiti, the executrix of the estate of the decedent, Anthony Mesiti, challenges the determination by the Circuit Court (<u>Weaver</u>, J.) that the decedent's son, David Mesiti, has standing to proceed with his motion to re-examine the probate of the decedent's will.  <u>See</u> <u>Sup. Ct. R.</u> 8; <u>see also</u> RSA 552:7 (2007).  We affirm.

We accept the statement of the case and facts as presented in the interlocutory appeal statement and rely upon the record for additional facts as necessary.  <u>See</u> <u>State v. Hess Corp.</u>, 159 N.H. 256, 258 (2009).  The decedent died in February 2017.  In April, the circuit court granted Susan's petition for estate administration and appointed her as the executrix of the decedent's estate.  The decedent's will, dated April 20, 2012, as amended by a March 28, 2016 codicil, was allowed as self-proving pursuant to RSA 551:2-a (2007).  For ease of reference, we refer to the April 2012 will, as amended by the March 2016 codicil, as the Contested Will.  The Contested Will names David as one of the decedent's children, but makes no provision for him.  Instead, the will leaves all tangible personal property to Susan and the residual estate to the trustee(s) of the decedent's 1991 revocable trust as amended and restated (the Trust).  According to David, and not apparently disputed by Susan, Susan is the sole trustee of the Trust.

In September 2017, David filed a motion to re-examine the probate of the Contested Will, alleging that the Contested Will was the product of undue influence.  <u>See</u> RSA 552:7.  Susan disputed David's standing to contest the will and submitted two prior wills signed by the decedent.  Both of the prior wills are facially valid.  The first was executed by the decedent in January 1991; the second was executed in August 2007.  Like the Contested Will, the 1991 and 2007 wills name the trustee(s) of the Trust as residual beneficiary.  According to David, and not apparently disputed by Susan, under prior versions of the Trust, David was to receive a portion of the decedent's estate.

Susan argued that David lacks standing because, even if his challenge to the Contested Will were successful, he would have no right or interest in the decedent's estate because he was not a legatee under either of the prior wills.  David countered that he had standing in part because the court could not

consider the dispositional scheme of the 1991 and 2007 wills in deciding whether he had standing to move to re-examine the Contested Will.

The circuit court concluded that David is an interested party within the meaning of RSA 552:7, reasoning as follows:

> As the cases all discuss, the prior wills are currently not before the court. They have not been duly proved and allowed by the court. That could only happen if the current will is disallowed and an interested party then presents an earlier will to the court. Even if those prior wills may be self-proving, they have not been allowed by the court. Therefore, David could take by intestacy should he be successful in his current challenge to the will. As the son of the deceased, he is an interested party under RSA 552:7 and has standing to proceed.

This interlocutory appeal followed.[1]

We will uphold the circuit court's decision unless it is unsupported by the evidence or plainly erroneous as a matter of law. See In re Estate of Locke, 148 N.H. 754, 755 (2002); see also RSA 567-A:4 (2007). In this case, because the material facts are not in dispute, the issue of standing is a question of law. See Appeal of N.H. Right to Life, 166 N.H. 308, 311 (2014). We, therefore, review the circuit court's standing determination de novo. See id.

To ascertain whether David has standing to pursue his motion to re-examine the will in this case, we must interpret RSA 552:7.[2] In matters of statutory interpretation, we are the final arbiter of the legislature's intent as expressed in the words of the statute considered as a whole. Petition of Mooney, 160 N.H. 607, 609 (2010). We interpret statutes not in isolation, but in the context of the overall statutory scheme. Id. Our analysis must start with consideration of the plain meaning of the relevant statutes, construing them, where reasonably possible, to effectuate their underlying policies. Id. at 609-10. Insofar as reasonably possible, we will construe the various statutory provisions harmoniously. Id. at 610. Courts can neither ignore the plain language of the legislation nor add words which the lawmakers did not see fit to include. Id.

---

[1] Shortly before this interlocutory appeal was filed, David brought a separate action in which, according to Susan, he contests the validity of the various amendments to the Trust. According to Susan, the trustee "does not contest David's standing" in that action and "does not . . . claim that, by contesting the Trust, David must also contest any will."

[2] Susan asserts that we need not interpret RSA 552:7 because it "does not grant any rights to have a will re-examined—i.e., it does not confer standing upon anyone." To support this contention, she relies upon Noyes et a. v. Barber, 4 N.H. 406 (1828), and In re Pafelis Estate, 108 N.H. 265 (1967). However, in neither case were we addressing whether RSA 552:7 or its predecessors conferred standing to re-examine the probate of a will.

2

RSA 552:7 allows "[a]ny party interested" to "have the probate of a will which has been proved without notice re-examined, and the will proved in solemn form." We have liberally interpreted the phrase "any party interested." 10 Charles A. DeGrandpre & William V.A. Zorn, New Hampshire Practice, Probate and Administration of Estates, Trusts & Guardianships § 23.8.1, at 23-11 (4th ed. 2008). In Rogers v. Whitney Estate, 105 N.H. 95 (1963), the appellant was not an heir-at-law of the decedent, was not mentioned in the decedent's 1960 will or in any subsequently executed codicil thereto, and was not a beneficiary of the decedent's amended trust. Rogers, 105 N.H. at 98-99. Nonetheless, we held that he was a "party interested" under RSA 552:7 because he was a beneficiary of a prior trust to which the decedent's 1960 will referred. Id.

In the instant case, David is an heir-at-law of the decedent and is specifically mentioned in the Contested Will and the decedent's 2007 will; the 1991 will refers to the decedent's "issue" without specific names. Moreover, similar to the appellant in Rogers, under prior versions of the Trust, David was to receive a portion of the decedent's estate. Under those circumstances, we conclude that David is a "party interested" within the meaning of RSA 552:7.

In arguing for a contrary result, Susan relies upon our cases construing a different statute, RSA 567-A:1 (2007). RSA 567-A:1 governs who may appeal from an adverse decision in a probate division proceeding. Unlike RSA 552:7, which confers standing on any "party interested," RSA 567-A:1 allows appeals from a person who is "aggrieved" from a probate division decree. Although the two statutes may "raise similar concerns," they govern different processes. DeGrandpre & Zorn, supra § 23.8.1, at 23-10 to 23-11.

Susan also asserts that David lacks standing because, even if he were to prevail in his motion, he would not recover from the estate unless the 1991 and 2007 wills are also determined to be invalid. As she explains:

> David lacks standing to contest the 2012 Will because the disposition of the Estate will not change if he prevails and, consequently, he has no justiciable interest in the outcome of this litigation. As discussed above, all of [the decedent's] Wills benefit the Trust and not David. Thus, even if David successfully invalidates the 2012 Will, the 2007 Will will be revived, and David will still receive no benefit because he is not provided for in the 2007 will. Although David could benefit as an heir if all three Wills are found invalid, he makes no claim or allegation that the Prior Wills are invalid. Absent such an allegation, intestacy could not possibly result.

(Citations, footnote, and emphasis omitted.) Cf. In re Estate of Briskman, 808 A.2d 928, 929, 931-33 (Pa. Super. Ct. 2002) (deciding that heir-at-law lacked

standing to appeal where she was not a legatee under either the probated will or a prior will and was only a successor trustee in the prior will because her contingent interest in the estate was "too remote to confer upon her an interest in the probate of the 1993 will").

We conclude that in the context of his motion to have the Contested Will re-examined, David need not have alleged that the 1991 and 2007 wills were also invalid. Moreover, we do not find David's interest to be too remote merely because he may have to contest all three wills before he is entitled to take by intestacy. See In re Estate of Schlenker, 789 N.E.2d 456, 458 (Ill. App. Ct. 2003). "Until all will contests are decided, it cannot be said that [he] is not an interested party." Id. at 458-59. In his motion, David had to allege only that the Contested Will was invalid. Cf. id. at 459. Should he succeed, "the laws of intestacy will apply unless and until the estate submits one or more prior wills for probate." Id. Although judicial economy may be best served if the Contested Will and "all prior wills are considered successively in a single action, we do not intend to direct litigation decisions for the parties." Id.

Affirmed.

LYNN, C.J., and HICKS, BASSETT, and HANTZ MARCONI, JJ., concurred.

**Eileen Fox,
Clerk**

4